Matter of Application of WILLIAM BEWLEY for Review of Petition Designating FRANK J. MOYER, JR., as a Candidate for Member of Assembly, First Niagara District.

(Supreme Court, Niagara Special Term, September, 1917.)

Election Law, § 52 — power of court to determine eligibility of candidate for member of assembly — resignation of candidate from city office too late — duties of board of elections — Sunday.

In a proceeding to determine the duties of the board of elections under the Election Law, the court has power to determine the eligibility of a candidate for member of assembly.

The hundredth day previous to the general election to be held November 6, 1917, being Sunday, the resignation on the following day of a candidate for member of assembly from a city office is too late, and it is the duty of the board of elections of the county, under section 52 of the Election Law, to recognize the substitute petition designating another for the office of member of assembly.

MOTION to compel the board of elections of Niagara county to recognize designation filed by a committee to fill vacancy.

J. Frank Smith, for petitioner.

W. S. Caton, for respondent.

Dow Vroman, for board of elections.

SEARS, J.   This is a proceeding brought under the provisions of the Election Law to determine the rights of Frank J. Moyer, Jr., the respondent, to a position on the ballot in the Republican primary election appointed to be held on the nineteenth of September of this year.

A petition signed by a number of Republicans of the first assembly district of Niagara county has been duly filed with the board of elections of that county, designating Moyer for nomination for the office of member of assembly.  Other citizens of the same assembly district have designated William Bewley, the petitioner here, for nomination for the same office. The committee to fill a vacancy named on the Moyer petition met within the time limited by the statute and upon the theory that Moyer is ineligible to hold the office of member of assembly has designated Bewley as a candidate for the party nomination in place of Moyer.   The reason for the committee's determination that Moyer is ineligible is because Moyer, until very recently, has been " park and shade tree commissioner " of the city of Lockport and also " special superintendent of Lock improved street " of the city of Lockport, and it was thought by the committee and is contended by counsel for the petitioner here that Moyer is ineligible to the legislature by reason of the provisions of section 8 of article III of the Constitution of the state of New York, the first sentence of which reads as follows:  " No person shall be eligible to the Legislature, who at the time of his election, is, or within one hundred days previous thereto has been,

Supreme Court, September, 1917.          [Vol. 101.

a member of Congress, a civil or military officer under the United States, or an officer under any city government." It is the claim of the petitioner that the positions held by Moyer above mentioned are city offices under the government of the city of Lockport and that Moyer held these offices within one hundred days previous to the date set for the coming general election.

Section 52 of the Election Law provides in its first sentence as follows: " If a candidate regularly designated for election to party position, or for a party nomination for public office, declines a designation or dies before the primary day, or is found to be disqualified to hold the office or position for which he has been designated, a committee to fill vacancies * * * which may be appointed by the signers and shown upon the face of the petition of designation, may make a new designation, to fill the vacancy so created, by. making and filing with the officer, * * * " etc.

It is not necessary here to determine whether the finding in respect to disqualification is to be made, in the first instance, by the committee, or by the board of elections, for certainly, unless in the case of a candidate for legislative office the question is reserved exclusively for the particular house of the legislature to which he may be elected, this court has the right under the provisions of the Election Law to make the final determination. It is necessary, then, to consider, *first,* whether the court has power to determine whether a candidate for the office of member of assembly is ineligible for election to that body, and, *second,* whether, if it has such power, Moyer is in this instance ineligible.

The attention of the court is called to the tenth section of article III of the Constitution of the state of New York, in which the following sentence occurs: " Each house shall determine the rules of its own

proceedings, and be the judge of the elections, returns and qualifications of its own members.'' Counsel for Moyer contends that the question of the eligibility of Moyer can only be determined after an election, by the house to which he may be elected. The trouble with the argument, however, is that in this proceeding the court is not called upon to determine the qualifications of a member but is called upon to determine the duties of the board of elections under the Election Law. The Election Law indicates clearly that the name of no person shall be printed upon the official party ballot at the primary if the person is ineligible to hold the office for which he has been designated for nomination. The case does not differ greatly in principle from that of *People ex rel. Sherwood* v. *Board of Canvassers,* 129 N. Y. 360, where a person who was a city officer sought a peremptory writ of mandamus to compel the state board of canvassers to issue to him a certificate of election to the office of state senator, and the court, in an elaborate opinion by Judge Earl, held that while his qualifications must ultimately be determined by the senate itself, the court could not be called upon to assist a man manifestly ineligible to the office toward obtaining credentials seemingly to entitle him to the office. Similarly here, in determining the action to be taken by the board of elections, the court must determine the question of eligibility in order that the board of elections may comply with the statute law.

Believing, then, that the court has power to consider the question of the eligibility of the designated person, it becomes necessary to determine whether Moyer did, within 100 days previous to the coming election day, hold an office under any city government. From Moyer's affidavit it appears that he filed his resignation as park and shade tree commissioner in

the office of the mayor of the city of Lockport on Monday, the 30th day of July, 1917.

Section 9 of article III of the Constitution of the state of New York provides as follows: " The elections of senators and members of assembly, pursuant to the provisions of this Constitution, shall be held on the Tuesday succeeding the first Monday of November, unless otherwise directed by the Legislature."

The argument based upon the fact that the legislature might change the date of the election and hence that it is not possible now to determine the exact beginning of the one hundred days previous to the election is not sound. Upon such theory no question of eligibility could ever be passed upon in advance, for the statutory provision in respect to eligibility might always be changed by further enactment thereafter. We must assume, therefore, in determining the eligibility of Moyer, that the election will take place on the sixth day of November and that the hundredth day previous thereto was Sunday, the 29th of July, 1917. On his own showing it was on the 30th day of July, 1917, that Moyer resigned as park and shade tree commissioner of Lockport which is admitted by his counsel to be a city office. He was then clearly an officer under the city government of Lockport on the 29th day of July, 1917, which is within 100 days previous to the coming election day, and his resignation was too late, unless the fact that the twenty-ninth day of July was Sunday in some way extended his time to file his resignation. This cannot be the fact, for the provision of the Constitution contained in the 8th section, article III, quoted above, simply names the 100 days, not as a period within which an act is to be done, but as a period during which the candidate must not have a specified official status. Section 20 of the General Construction Law is entirely inapplicable,

therefore, even if that statute could be used in construing the Constitution.

It is not necessary for the court to pass upon the question whether " the special superintendency of Lock improved street " was a city office, inasmuch as Moyer was a city officer within the disqualifying period as park and shade tree commissioner.

The board of elections, therefore, must recognize the substitute petition designating Bewley.

Ordered accordingly.